BY THE COURT.
What Duffield said is evidence. As to Baird, the question is not so clear. It is in evidence, that they acted together as copartners in this bank, and both have signed the notes. We will admit the evidence, and you can raise the question hereafter if you choose.
The witness testified that he heard Duffield say he was a stockholder, and Baird, that he was interested. Both of them solicited him to take and circulate their notes.
Colliers offered tbe bundle of notes in evidence, under tbe act regulating proceedings against bankers, passed in 1824.
Marsh objected.
The notes are payable to bearer, and there is no privity between the holder and the maker, to sustain the action of debt. Even assumpsit could not be sustained by the bearer, without showing how he came by the. papers. He must make a title in himself. The notes receivable, contain no obligation to pay money. The statute does not change the law of the action; it only authorizes a recovery, for the notes held at the trial.
BY THE COURT. The act of 1824 authorizes plaintiffs in suits against banks and bankers, on account of notes or bills issued by them, to declare generally for money had and received, and to give in evidence at the trial, any notes of the banker, then held. We incline to think the statute does not change the law of the" action, as it regards parties and privies. But we will admit the evidence, and keep the question open for discussion, if the parties shall desire it.
The defendant then offered evidence to show that in 1829, the sheriff levied an execution upon a desk, the property of Baird, and 457] *sold it. After the sale, and the desk was delivered, there was found in it a bundle, sealed up, and marked, J. Wilson, which being opened, was found to contain Jefferson bank notes, and some tickets. The sheriff took and lit his segar with one of these notes, and replaced the note, partly burned, in the bundle. He then levied his execution upon them, and returned the levy unsold for want of time. A vendi was taken out in 1822, and the notes were sold at auction to an agent of the plaintiff, for $18.25, and that much returned as money made on the execution. The plaintiff said, at the time of the purchase, if they are worth anything, they were a great bargain, and that they were worth more to a lawyer, than any one else.
THE COURT, to the jury. If you are satisfied from the evidence adduced by the plaintiff, that the defendant Duffield, was a partner of the Jefferson Bank Company, or held himself out as such, and that the bills exhibited were issued by the bank, then the plaintiff has established a prima facie right to recover the amount, with interest from the time payment Avas demanded, or from the time the bank ceased to redeem its notes in specie. This prima facie case Avill determine your verdict, unless the defendant shall have destroyed its obligation by a legal defence. The defence set up, is that these notes were in the desk of the cashier of the bank, and *469 were its property, either never having been issued, or having been returned and redeemed — that they were levied upon in that situation, under an execution against Baird, the cashier, and sold to the plaintiff’s agent. If this defence be made out by proof, we think the plaintiff has no right to recover. The promissory notes of a man, in his own possession, unissued, are not the subject of levy on execution.
Verdict for the defendant. No motion being made, judgment was accordingly entered.
[Action against a bank on its note; Atwood v. Bk. of Chillicothe, 10 O. 526, 534. Validity of levy on stock on which the corporation has a claim; Lee v. Citizens’ Natl. Bk. 2 C. S. C. R. 298, 311, s.c.; 1 Rec. 385, 395.]